UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EBONY WATSON,

                        Plaintiff,

        -against-

WHOLE FOODS MARKET,

                        Defendant.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-3865 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On June 27, 2017, plaintiff Ebony Watson, appearing *pro se*, filed this action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, against her former employer, Whole Foods Market ("Whole Foods"). The Court grants Plaintiff's request to proceed *in forma pauperis*. The Complaint is dismissed with leave to amend as set forth below.

## BACKGROUND

Plaintiff claims that she suffered discrimination by her employer Whole Foods on March 19, 2017. (Dkt. 1 at 4.) She alleges that the discriminatory conduct in this action includes "[e]xposing confidential information." (*Id.*) Plaintiff's claim consists of the following statement:

> I walked in the team leaders office and found seperation [*sic*] papers with all my information in the office for everyone to see. It also had false accusations for their reasoning of being fired. These papers were written up by Antonique, the assistant team leader and Shifty Tim. A few days later by [*sic*] chase account was flagged for fraud and prompt me for a new debit card. The incident that occurred that lead to those seperation [*sic*] papers happened a week before I was asked to go to another department (coffee bar) and I did not feel comfortable going to that department. The conditions were worst than my department. It had twice as much rodents and I didn't want to go through that again. Antonique called the store team leader Carmen and she sent me home. The seperation [*sic*] papers were

1

> made because I did not go to the coffee bar and my information was left out in the office for everyone to see.

(*Id*. at 5-6.)

Plaintiff's Complaint states that she has exhausted her federal administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and that she received a Notice of Right to Sue Letter on June 16, 2017. (*Id.* at 6.) She alleges that Whole Foods is still committing these acts against her. (*Id.* at 4.) The Complaint does not request any specific relief, but merely states, "[e]xposing confidential information, and putting me at risk for fraud (Chase account was flagged for fraud activity)." (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard is necessarily "less stringent" in the context of a *pro se* litigant, whose complaints the Court is required to construe liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-92 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1). In the Title VII context, "at the initial stage of the litigation[,] . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). "[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d at 84 (internal quotation marks omitted). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Here, even under the most liberal interpretation of Plaintiff's allegations, she provides no facts that could connect or link any adverse action to a protected status. Plaintiff has also not provided any facts that would suggest an inference of discriminatory motivation. Although Plaintiff has utilized the Court's form for employment discrimination actions, she does not select any of the protected status categories (*e.g.*, race, color, gender, religion or national origin) as the basis for Whole Foods's purported discrimination required in order to proceed under Title VII. (*See* Dkt. 1 at 5.) Plaintiff's statement of claim does not contain any plausible allegations that

Whole Foods took adverse action against her at least in part for a discriminatory reason. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d at 87. Instead, Plaintiff alleges that her confidential information was exposed, thereby putting her at risk for fraud; she also alleges that she was terminated from employment because she refused to be assigned to the coffee bar. (*Id.* at 5-6.) In addition, Plaintiff's charge of discrimination filed with the EEOC on April 11, 2017 does not allege any facts to conclude that any employment discrimination statute was violated by Defendant. (*Id.* at 10-14.) Therefore, Plaintiff fails to state a claim of employment discrimination in violation of Title VII.

## **CONCLUSION**

For the reasons set forth above, the Complaint, filed *in forma pauperis*, is dismissed, without prejudice, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint against Whole Foods within thirty (30) days from the entry of this Memorandum and Order, provided that Plaintiff has a good faith basis to proceed on her employment discrimination complaint. In the amended complaint, Plaintiff must provide facts to support a plausible claim that Defendant discriminated against her in violation of Title VII. She must also show that she has exhausted her remedies by filing a timely charge of discrimination with the EEOC *based on the facts presented in the amended compl*aint against Defendant. *See Hamzik v. Off. for People with Dev. Disabilities*, 859 F. Supp. 2d 265, 277 (N.D.N.Y. 2012).

All further proceedings shall be stayed for 30 days. If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 17-CV-3865 (PKC) (LB). The amended complaint shall replace the original complaint. If Plaintiff fails to file an amended complaint within the time allowed, the Court will

enter judgment dismissing this action. The Court will review the amended complaint for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
October 26, 2017